## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

MICHAEL EZELL                                                       CIVIL ACTION

versus

LT. RANDY SEAL, ET AL.                                              23-cv-1514-SDD-EWD

### RULING

This matter comes before the Court on the *12 (b)(1) Motion to Dismiss* and *12(b)(6) Motion to Dismiss*[1] filed by the State of Louisiana, through the Louisiana Department of Public Safety and Corrections (the "DPSC") and Lieutenant Randy Seal ("Lt. Seal"), (collectively, the "Defendants"). Plaintiff, Michael Ezell ("Plaintiff" or "Ezell") filed an *Opposition*.[2] For the reasons that follow, Defendants' motions will be denied.

**I.   FACTS AND PROCEDURAL BACKGROUND**

This suit arises from the following alleged facts occurring on March 11, 2020: Plaintiff is an inmate in the Louisiana State Penitentiary (the "LSP").[3] Plaintiff was housed in TU Lower B Tier, Cell 2 of the LSP. Lt. Seal and a prison cadet entered the tier and approached Ezell's cell.[4] They then told Plaintiff to "shakedown."[5] Lt. Seal asked Plaintiff "where the phone was."[6] Lt. Seal told Plaintiff that if he told Lt. Seal where the phone was, gave Lt. Seal its PIN number, and Lt. Seal confirmed Plaintiff was "only talking to family," Lt. Seal would return the phone to Plaintiff.[7] Plaintiff approached the cell bars, "was

---

[1] Rec. Doc. 10.
[2] Rec. Doc. 11.
[3] Rec. Doc. 1-1, pp. 1–2.
[4] *Id* at p. 2.
[5] *Id*.
[6] *Id*.
[7] *Id*.

restrained [,] and entered the [t]ier."[8] Plaintiff stood against the tier wall with his hands cuffed behind his back.[9] Lt. Seal then entered the cell, found the phone, and called Plaintiff back into his cell.[10] Lt. Seal asked for the phone's PIN number, but Plaintiff refused to provide it.[11] Lt. Seal stepped towards Plaintiff "in an aggressive manner," and Plaintiff stated, "[d]on't put your [f]'ing hands on me."[12] Lt. Seal then "slammed him on his face and then slammed him into the bars" of the cell.[13] Plaintiff claims Lt. Seal's use of force "caused injury to [his] right shoulder, right arm, right hand, and other injuries including [the] loss of a gold tooth."[14] Plaintiff later pled guilty to having the cell phone but denied "any attempt to head butt" Lt. Seal.[15]

Plaintiff brought suit in state court claiming Lt. Seal and the DPSC were liable for (1) violating his Eighth Amendment rights by using excessive force; (2) injuring him through intentional and/or negligent acts and/or omissions; and (3) DPSC is vicariously liable for Lt. Seal's tortious acts under the theory of *respondeat superior*.[16] Defendants removed this action to this Court pursuant to 42 U.S.C. §§ 1331, 1343, and 1442.[17] On November 9, 2023, Defendants filed the pending motions to dismiss Plaintiff's claims pursuant to Federal Rule 12(b)(1) and Rule 12(b)(6).[18]

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id* at pp. 2–3.
[14] *Id* at 3.
[15] *Id.*
[16] *Id* at pp. 4–5.
[17] Rec. Doc. 1.
[18] Rec. Doc. 10.

II.  **LAW AND ANALYSIS**

    **A. Rule 12(b)(1) Motion to Dismiss Standard**

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge the subject matter of the district court to hear a case. Lack of subject matter jurisdiction may be found in three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts.[19] "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[20] "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. . . ."[21] "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[22]

Defendants move to dismiss Plaintiff's claims for monetary relief to the extent Plaintiff seeks relief against the Defendants in their official capacities because such claims are barred by the Eleventh Amendment and must be dismissed pursuant to Rule 12(b)(1).[23] The Court finds it unnecessary to address the merits of Defendants' motion because Plaintiff states that he has not pled an official capacity claim.[24] Therefore, "there

---

[19] *Garig v. Travis*, 2022 WL 868519, at *2 (M.D. La. Mar. 22, 2022) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] Rec. Doc. 10-1, p. 1.
[24] Rec. Doc. 11, p. 6.

is none to dismiss."[25] Defendants do not move to dismiss the individual capacity or state law claims under Rule 12(b)(1). Accordingly, the Rule 12(b)(1) motion to dismiss is denied as moot.

### B. Rule 12(b)(6) Motion to Dismiss Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[26] The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[27] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[28]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[29] A complaint is also insufficient if it merely "tenders 'naked assertions' devoid of 'further factual enhancement.'"[30] However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

---

[25] *Id.*
[26] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[27] *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008)).
[28] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
[29] *Twombly*, 550 U.S. at 555 (2007) (internal citations and brackets omitted).
[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and brackets omitted).

the defendant is liable for the misconduct alleged."[31] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[32] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[33] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[34]

### C. Section 1983 Generally

The Civil Rights Act of 1964, 42 U.S.C. § 1983, creates a private right of action for redressing the violation of federal law by those acting under color of state law.[35] It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .[36]

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"[37]

To prevail on a § 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.[38] A § 1983 complainant must support his claim with specific facts demonstrating

---

[31] *Id* (citations omitted).
[32] *Id*.
[33] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099, at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[34] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[35] *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984); *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981).
[36] 42 U.S.C. § 1983.
[37] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)); *accord Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985); *Jackson v. City of Atlanta,* 73 F.3d 60, 63 (5th Cir. 1996); *Young v. City of Killeen*, 775 F.2d 1349, 1352 (5th Cir. 1985).
[38] *See Blessing v. Freestone*, 520 U.S. 329, 340 (1997); *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir. 1984).

a constitutional deprivation and may not simply rely on conclusory allegations.[39]

### D. Qualified Immunity – Individual Capacity Claims

Plaintiff sues Lt. Seal in his individual capacity, alleging Lt. Seal used excessive force against Plaintiff in violation of his Eighth Amendment rights. Defendants assert the qualified immunity defense.[40]

The doctrine of qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."[41] In striking this balance, qualified immunity shields "government officials performing discretionary functions" from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[42]

When a public official asserts the defense of qualified immunity, the plaintiff has the burden of establishing a constitutional violation and overcoming the defense.[43] To meet this burden, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct."[44] The court has discretion to decide these prongs in any order.[45]

---

[39] *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *Angel v. City of Fairfield*, 793 F.2d 737, 739 (5th Cir. 1986).
[40] Rec. Doc. 10-1, pp. 6–9.
[41] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).
[42] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) ("Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions.").
[43] *Jackson v. City of Hearne*, 959 F.3d 194, 201 (5th Cir. 2020) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc)).
[44] *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (internal quotation marks omitted).
[45] *Jackson*, 959 F.3d at 200 (citations omitted).

At the 12(b)(6) stage, the court must determine whether, taking the alleged facts in the light most favorable to the plaintiff and accepting the allegations as true, the plaintiff has alleged that the defendant's conduct violated a constitutional right.[46] For the second step, "[f]or a right to be clearly established, 'the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"[47] "In other words, existing precedent must have placed the statutory or constitutional question beyond debate."[48] If a plaintiff alleges that an official's conduct violated a clearly established right, the court must then determine "whether the official's conduct was objectively reasonable under the law at the time of the incident."[49]

An official's conduct is not objectively unreasonable "unless all reasonable officials in the [official's] circumstances would have then known that the [official's] conduct violated the plaintiff's rights."[50] When denying qualified immunity, a court must point to "controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity."[51] Precedent existing at the time of the challenged conduct "must have placed the statutory or constitutional question beyond debate."[52]

When the defense of qualified immunity is raised in a Rule 12(b)(6) motion, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal

---

[46] *See Morgan*, 659 F.3d at 384; *Lytle v. Bexar Cnty.*, 560 F.3d 404, 410 (5th Cir. 2009).
[47] *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017) (internal brackets omitted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).
[48] *Jackson*, 959 F.3d at 201 (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).
[49] *Michalik v. Hermann*, 422 F.3d 252, 258 (5th Cir. 2005); *see also Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001).
[50] *Carroll v. Ellington*, 800 F.3d 154, 169 (5th Cir. 2015) (citations omitted).
[51] *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013) (quoting *Morgan*, 659 F.3d at 371–72).
[52] *al-Kidd*, 563 U.S. at 741.

reasonableness.'"[53] The plaintiff must "assert facts which, if true, would overcome the defense of qualified immunity."[54] A plaintiff seeking to overcome qualified immunity "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."[55]

    1. Excessive Force

"In evaluating excessive force claims under the Eighth Amendment, the 'core judicial inquiry' is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"[56] Although "'[t]he focus of this standard is on the detention facility official's subjective intent to punish,' intent is determined by reference to the well-known *Hudson* factors—'the extent of injury suffered, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.'"[57] "The amount of force used must be more than *de minimis*, 'provided that the use of force is not of a sort repugnant to the conscience of mankind.'"[58] "[C]ourts frequently [find] constitutional violations in cases where a restrained or subdued person is subjected to the use of force."[59]

---

[53] *McClendon*, 305 F.3d at 323 (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (emphasis in original)).
[54] *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) (quoting *Wicks v. Miss. State Emp. Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)).
[55] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).
[56] *Cowart v. Erwin*, 837 F.3d 444, 452 (5th Cir. 2016) (quoting *Hudson v. Mcmillian*, 503 U.S. 1, 6 (1992)).
[57] *Id* at 452–53 (quoting *Kitchen v. Dall. Cnty.*, 759 F.3d 468, 477 (5th Cir. 2014)).
[58] *Id* at 453 (quoting *Hudson*, 503 U.S. at 2).
[59] *Id* at 454 (quoting *Kitchen*, 759 F.3d at 479).

At this stage, Plaintiff need only allege facts that plausibly indicate that Lt. Seal acted "maliciously and sadistically to cause harm."[60] Lt. Seal "slamming" Plaintiff on his face and then into the bars of the prison cell was not conducive to gaining Plaintiff's compliance with his order to provide the phone's PIN number. Moreover, Plaintiff was handcuffed, and therefore did not present a safety or security risk.[61] Thus, from the current allegations the inference could be drawn that any perceived threat experienced by Lt. Seal was unreasonable based on Plaintiff's use of inflammatory language and Plaintiff's lack of compliance. Plaintiff claims he suffered injuries to his right shoulder, right arm, right hand, and lost a gold tooth.[62] If proven, the injuries alleged could demonstrate that the amount of force used was more than *de minimis*. The Court finds it plausible that Lt. Seal's use of force was applied maliciously and satisfied a desire to punish Plaintiff for his actions rather than to restore discipline. The Court rejects Defendants' arguments that Plaintiff's allegations are "general and conclusory"[63] and finds Plaintiff has adequately pled a constitutional violation.

The Court next determines whether Lt. Seal's conduct was objectively reasonable under the law at the time of the incident. Taking Plaintiff's allegations as true, the Court finds the inference could be drawn that Lt. Seal's conduct was not objectively reasonable because Plaintiff was handcuffed, did not threaten Lt. Seal with physical violence, and there are no allegations that Lt. Seal made any effort to temper the amount of force he used.[64] Arguably, less severe methods could have been employed to restore Plaintiff's

---

[60] *Id* at 452 (quoting *Hudson*, 503 U.S. at 6).
[61] Rec. Doc. 1-1, p. 2.
[62] *Id* at p. 3.
[63] Rec. Doc. 10-1, pp. 8–9.
[64] Rec. Doc. 1-1, pp. 2–3.

compliance before resorting to this level of force. Accordingly, the Court finds Plaintiff has sufficiently pled facts to establish an excessive force claim and defeat Lt. Seal's qualified immunity defense.[65] Defendant's motion to dismiss as to the § 1983 excessive force claim is denied.

### E. State Law Claims

Plaintiff seeks relief under Louisiana Civil Code Article 2315 for his alleged injuries that "were occasioned by the intentional and/or negligent acts and/or omissions" of the Defendants and, "in the alternative, for intentional infliction of emotional distress."[66] Additionally, Plaintiff claims that DPSC is vicariously liable for Lt. Seal's alleged tortious acts because Lt. Seal was acting within the course and scope of his employment.[67] Defendants did not brief arguments seeking to dismiss any of Plaintiff's state law claims. Therefore, the state laws claims are not subject to dismissal.

## III. CONCLUSION

Accordingly, for the foregoing reasons, Defendants' 12(b)(1) Motion to Dismiss[68] is hereby **DENIED AS MOOT** and 12(b)(6) Motion to Dismiss is hereby **DENIED**.[69] The Court directs the parties to the Amended Scheduling Order[70] for future deadlines and proceedings.

---

[65] *See Skinner v. Gautreaux*, 593 F. Supp. 3d 383 (M.D. La. 2022) (finding the plaintiff sufficiently pled an excessive force claim and overcame a qualified immunity defense where the plaintiff was handcuffed and a prison official grabbed the plaintiff by the throat and forced him up against a metal ramp and continued to use force after he was restrained); *see also Cowart v. Erwin*, 837 F.3d 444 (5th Cir. 2016) (affirmed lower court's denial of qualified immunity defense and found that the use of force was excessive where a prison official punched an inmate in the face).
[66] Rec. Doc. 1-1, p. 5.
[67] *Id* at p. 1.
[68] Rec. Doc. 10.
[69] *Id.*
[70] Rec. Doc. 18.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on this <u> 24th</u> day of June, 2024.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**